IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALIOU DIALLO, #A079-513-046           *

v.                                    * CIVIL ACTION NO. JFM-16-350

GARY MUMFORD     .                    *
                                   *****

MEMORANDUM

On February 8, 2016, this self-represented, fee-paid 28 U.S.C. § 2241 petition for writ of habeas corpus was received for filing. According to petitioner, he is a native and citizen of Guinea who has been held by Immigration and Customs Enforcement ("ICE") authorities since October 10, 2014. Petitioner seeks release from ICE detention, invoking *Zadvydas v. Davis*, 533 U.S. 678 (2001). He claims that his order of removal became final on July 31, 2015, and Guinean authorities will not issue him a travel document. He argues that he is not "significantly likely to be removed in the reasonably foreseeable future, or at all for that matter." ECF No. 1 at p. 6.

Respondent was notified that the petition had been filed and has filed a court-ordered show cause response. ECF No. 5. According to counsel, petitioner entered the United States in 2000 as an asylee at the District of Columbia. In 2009, he was convicted in the Circuit Court of Anne Arundel County on two counts of drug distribution and possession. He is a known member of the Black Guerilla Family. ECF No. 5 at Sadowy Decl. The parties agree that while serving his Maryland sentence, petitioner was charged with counts of removability based upon his 2009 convictions. On October 10, 2014, he was taken into ICE custody from the Maryland Division of Correction. He was ordered removed by Immigration Judge Elizabeth Kessler on July 31. 2015 and

waived his appellate rights. Thus, his removal became final on July 31, 2015.

Respondent states that ICE is actively engaging the government of Guinea in pursuit of a travel document for petitioner and has met with Guinean embassy personnel in the District of Columbia. He also argues that the Department of State has engaged with the Guinean government in the capital city of Conakry. ECF No. 5 at Sadowy Decl. Respondent states that on March 21, 2016, the Department of State was to meet with the Ministers of Security and Interior in Guinea to discuss the repatriation of aliens to Guinea and the execution of a Memorandum of Understanding ("MOU") between the United States and Guinea, a precondition for the issuance of a travel document. *Id.* He affirms that it is anticipated that the MOU will be agreed upon and implemented within one to two months and that petitioner's removal to Guinea will be immediately effected thereafter. Respondent states that if "no MOU has been executed by May 17, 201[6], [he] is unlikely to maintain his position that [petitioner's] removal will be effected in the reasonably foreseeable future." ECF No. 5 at p. 5

The court finds that petitioner's detention does not, at present, violate *Zadvydas*. Title 8 U.S.C. § 1231(a)(6) authorizes the Attorney General to either release or continue to detain an alien. Section 1231(a)(6) provides that an alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(c), 1227(a)(2), or 1227(a)(4) of this title, or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

In *Zadvydas*, the Supreme Court held that post-removal-order detention under § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but

2

limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. *Zadvydas*, 533 U.S. at 689. However, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. After six months, if an alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."[1] *Id.* at 700. If the Government response fails, the petitioner may be entitled to release from detention. *Id. see also Clark v. Martinez*, 543 U.S. 371 (2005) (six-month presumptively reasonable period of post-removal-order detention set out under *Zadvydas* applies to inadmissible aliens).

Petition has been in post-removal custody for approximately nine months. Respondent alleges that ICE and the State Department have been actively involved in obtaining the necessary MOU between the United States and Guinea and he anticipates a MOU will be soon be executed between the United States and Guinea, thus allowing for the issuance of petitioner's travel documents within the next two months. In light of the length of petitioner's detention and the current

---

[1] Federal courts disagree as to the extent to which the passage of time can suffice to meet the alien's initial burden of showing there is no significant likelihood of removal in the reasonably foreseeable future. Compare *Fahim v. Ashcroft*, 227 F.Supp.2d 1359, 1365-68 (N.D. Ga. 2002) (mere passage of time insufficient to meet alien's burden of proof), with *Kacanic v. Elwood*, 2002 WL 31520362 (E.D. Pa. Nov. 8, 2002) (passage of one year, coupled with inaction of foreign embassy and immigration authorities admission that efforts to obtain travel documents have been unproductive, suffices to meet alien's burden); *Seretse-Khama v. Ashcroft*, 215 F.Supp.2d 37, 48-54 (D. D.C. 2002) (continued detention for over three years, coupled with eight-month delay since authorities last contacted destination country, suffices to meet alien's burden); *Lema v. I.N.S.*, 214 F.Supp.2d 1116, 1118 (W.D. Wash. 2002) (where destination country's lack of response to request for travel documents is combined with immigration authorities inability to explain silence and absence of any indication that situation may change, continued detention would be unreasonable but, where destination country's failure to respond suggests nothing more than "bureaucratic inertia," removal remains "foreseeable"); *Khan v. Fasano*, 194 F.Supp.2d 1134, 1136-37 (S.D. Cal. 2001) (where alien has been in post-removal order custody for ten months, and meeting is scheduled with destination country to discuss request for travel documents, delay alone is not sufficient to meet alien's burden; however, alien granted leave to re-file petition in six months' time if his removal has not then been effectuated).

absence of a travel document the petition will be dismissed without prejudice and administratively closed. Respondent shall be required to file a status report setting out the developments and progress made, if any, in obtaining a travel document for petitioner's repatriation to Guinea. If it becomes evident to the court that petitioner's removal is not forthcoming, respondent will be required to again show cause why petitioner's release should not be required. The court will entertain any motion to reopen submitted by petitioner.   A separate Order follow

Date: April 2?, 2016

/s/ J.F.M.
J. Frederick Motz
United States District Judge